UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JULIAN FRANKEL on behalf of himself and
all other similarly situated consumers

                                Plaintiff,

        -against-

UNITED COLLECTION BUREAU, INC.

                                Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Julian Frankel, brings this action against United Collection Bureau, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Toledo, Ohio.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Julian Frankel

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about June 14, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     Said letter states in pertinent part as follows: "DEPARTMENT STORES NATIONAL BANK (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

13.     The Defendant's language is deceptive and misleading and violated the FDCPA.

14.     Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

15.     It is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

16.     A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

17.     The language in the letter that states "DEPARTMENT STORES NATIONAL BANK (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the client, in all circumstances, report forgiveness of debt to the IRS.

18.     The words "DEPARTMENT STORES NATIONAL BANK (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is reasonably read to mean that the creditor will always report forgiveness of debt.

19.     The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt.

20.     Although the Defendant had no duty to disclose any potential tax ramifications,[2] when Defendant chooses to give _tax_ disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

21.     Current case law has made clear, that if debt collectors are providing tax advice with

---

[1] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

[2] Altman v. J.C. Christensen & Assocs., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015) "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

22. The statement "DEPARTMENT STORES NATIONAL BANK (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

23. If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

24.    The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

25.    The use of the words "DEPARTMENT STORES NATIONAL BANK (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.[3]

26.    In a recent decision, this court found in the case of <u>Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015)</u> (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **<u>it failed to apprise debtors</u>** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **<u>for interest and other non-principal debts</u>**." <u>Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015)</u> (Towns, J,) (emphasis added); see also <u>Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014)</u> (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also

---

[3] <u>Russell v. Equifax A.R.S., 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996)</u> (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

27.   The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

28.   The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

29.   Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[4]

30.   The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

31.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

33.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

34.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

35.   Defendant used materially false, deceptive, misleading representations and means in its

---

[4] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.); Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

attempted collection of Plaintiff's alleged debt.

36.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

37.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

38.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

39.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

40.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41.    The identities of all class members are readily ascertainable from the records of United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

42.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

43.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

44.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

45.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

46.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment

will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

47.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

48.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

50.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

51.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty (50) herein with the same force and effect is if the same were set forth at length herein.

52.   This cause of action is brought on behalf of Plaintiff and the members of a class.

53.   The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 14, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

### Violations of the Fair Debt Collection Practices Act

54.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

55.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       June 14, 2017

                              ___/s/ Maxim Maximov_____
                              Maxim Maximov, Esq.
                              Attorneys for the Plaintiff
                              Maxim Maximov, LLP
                              1701 Avenue P
                              Brooklyn, New York 11229
                              Office: (718) 395-3459
                              Facsimile: (718) 408-9570
                              E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                              ___/s/ Maxim Maximov_____
                              Maxim Maximov, Esq.